

1  BARRACK, RODOS & BACINE
   STEPHEN R. BASSER (121590)
2  sbasser@barrack.com
   JOHN L. HAEUSSLER (215044)
3  jhaeussler@barrack.com
   One America Plaza
4  600 West Broadway, Suite 900
   San Diego, CA 92101
5  Telephone: (619) 230-0800
   Facsimile: (619) 230-1874
6
   [Additional counsel listed on signature page]
7
   Attorneys for Plaintiffs
8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12  LOUIS AND SILVIA MARTINEZ, on    )   Case No.: 08-cv-00499-L-WMC
    behalf of themselves and all other similarly  )
13  situated,                        )
                                     )
14            Plaintiffs,            )   MEMORANDUM OF POINTS AND
                                     )   AUTHORITIES IN SUPPORT OF
15            vs.                    )   PLAINTIFFS' UNOPPOSED MOTION TO
                                     )   TRANSFER VENUE
16  FIDELITY NATIONAL FINANCIAL,     )
    INC., FIDELITY NATIONAL TITLE     )
17  INSURANCE COMPANY, TICOR TITLE   )
    INSURANCE COMPANY, TICOR TITLE   )
18  INSURANCE COMPANY OF FLORIDA,    )
    CHICAGO TITLE INSURANCE          )
19  COMPANY, NATIONAL TITLE          )
    INSURANCE OF NEW YORK, INC.,     )
20  SECURITY UNION TITLE INSURANCE   )
    COMPANY, THE FIRST AMERICAN      )
21  CORPORATION, FIRST AMERICAN      )
    TITLE INSURANCE COMPANY,         )
22  UNITED GENERAL TITLE INSURANCE   )
    COMPANY, LANDAMERICA            )
23  FINANCIAL GROUP, INC.,           )
    COMMONWEALTH LAND TITLE          )
24  INSURANCE COMPANY, LAWYERS       )
    TITLE INSURANCE CORPORATION,     )
25  TRANSNATION TITLE INSURANCE      )   SPECIAL BRIEFING SCHEDULE
    COMPANY, STEWART TITLE           )   ORDERED
26  GUARANTY COMPANY and STEWART     )
    TITLE INSURANCE COMPANY          )
27                                   )   ORAL ARGUMENT NOT REQUIRED
              Defendants.            )
28

1    Plaintiffs, by their attorneys, move this Court, pursuant to 28 U.S.C.A. § 1404(a), for an

2    order transferring this case to the United States District Court for the Northern District of

3    California to be consolidated with *In Re California Title Insurance Antitrust Litigation,* Case

4    No. 08-1341-JSW, currently pending before the Hon. Jeffrey S. White.  Defendants do not

5    oppose the transfer sought in the accompanying Unopposed Motion to Transfer Venue.  *See*

6    Declaration of John L. Haeussler, Esq. ("Haeussler Decl.") attached hereto.

7    **I.     INTRODUCTION**

8        On March 10, 2008, plaintiff Lynn Barton filed a lawsuit in the Northern District of

9    California alleging a price-fixing conspiracy by defendant title insurers ("Title Insurers").  This

10   was the first filed action in California alleging a price fixing conspiracy by defendants.

11   Subsequently a number of other cases making nearly identical allegations were filed in the

12   Northern, Central and Southern Districts of California, including this action.

13       In addition, over 40 putative class actions were filed in the District Courts throughout

14   the United States alleging price-fixing conspiracies in various states.  On March 25, 2008,

15   Plaintiffs in three putative class action cases filed in New York alleging price-fixing by Title

16   Insurers, filed a motion with the Judicial Panel on Multidistrict Litigation (the "Panel")

17   requesting consolidation of all related actions against the defendants that were pending in the

18   various district courts around the country.  After briefing and oral argument, the Panel declined

19   to consolidate the cases.[1]

20       Subsequent to the Panel's decision not to consolidate, the parties in all the related

21   actions pending in the California Federal Courts have agreed to consolidate all such actions in

22   the Northern District where the first of such actions was filed.  Plaintiff in the first filed

23   California action filed an unopposed motion to consolidate similar cases pending in the

24   Northern District of California before the Hon. Jeffrey S. White.  On July 24, 2008, Judge

25   White granted the motion and further ordered that related actions pending in the other districts

26   in California, including this action "… be consolidated for all purposes… upon the transfer of

27   _____

28   [1]     The Panel's June 9, 2008 Order Denying Transfer (under § 1407) suggested that "[t]he parties can avail themselves of alternatives to transfer, which may include seeking consolidation

1    such case[] to this District." *See* Haeussler Decl., Ex. A.  Judge White also ordered that the

2    consolidated actions be renamed: *In re California Title Insurance Antitrust Action.  Id.*

3         In order to forestall unnecessary expenses and preserve the resources of the parties, in

4    addition to concerns over judicial economy, Plaintiffs in this action waited for the decision of

5    the Panel, and subsequently the determination of the consolidation motion before Judge White,

6    before proceeding with further action in this case and with the instant motion.  Given the most

7    recent consolidation order in the Northern District of California, ordering this action to be

8    consolidated with the first filed action in California along with numerous other cases pending in

9    California federal courts upon transfer to the Northern District, and given the desire to preserve

10   the resources of the parties, witnesses, and in the interests of judicial economy, Plaintiffs

11   request that the Court grant this unopposed motion to transfer to the Northern District of

12   California where it will be consolidated with *In Re California Title Insurance Antitrust*

13   *Litigation.*

14   **II.    BACKGROUND**

15        There are currently at least ten related title insurance Sherman Act Section 1 antitrust

16   class-action lawsuits pending in California Federal Courts ("California Actions") - five in the

17   Northern District of California, four in the Central District of California, and one in the

18   Southern District of California.  The California Actions all allege that defendant title insurers

19   engaged in anticompetitive conduct in violation of Section 1 of the Sherman Antitrust Act of

20   1890, 15 U.S.C. § 1. The California Actions present substantially similar, if not identical,

21   factual and legal issues, including:

22        •    Whether the Title Insurers engaged in a combination or conspiracy to raise,

23           maintain, and/or stabilize title insurance premiums in the four years prior to the

24           filing of the complaints (the "Class Period");

25        •    The duration of the conspiracy and the nature and the character of the acts

26           performed by the Title Insurers in furtherance of the Conspiracy during the Class

27           Period;

28

of  actions pending in multiple districts within the same state, to minimize whatever possibilities

2

1      •    Whether the Title Insurers' conduct caused injury to the business or property of

2            plaintiffs and the putative class members who purchased title insurance in

3            California during the Class Period;

4      •    The appropriate measures of damages sustained by plaintiffs and the putative

5            class members who purchased title insurance in California during the Class

6            Period; and

7      •    Whether plaintiffs are entitled to injunctive relief.

8      The California Actions involve the same defendants and name the same co-conspirators.

9  All the California Actions will involve similar issues related to motions to dismiss, class

10  certification, and summary judgment. Moreover, the same discovery and damage analyses will

11  be relevant to all California Actions.  In the interest of efficiency and judicial economy, the

12  plaintiffs respectfully request that this Court transfer this action to the Northern District of

13  California to be consolidated with *In Re California Title Insurance Antitrust Litigation.*

14  **III.    TRANSFER OF THIS CASE TO THE NORTHERN DISTIRCT OF**

15  **CALIFORNIA WILL PROMOTE EFFICIENCY AND AVOID UNNECESSARY COST AND DELAY**

16      28 U.S.C.A. § 1404(a) allows this Court to order transfer of actions: "[f]or the

17  convenience of parties and witnesses, in the interest of justice, a district court may transfer any

18  civil action to any other district or division where it might have been brought." 28 U.S.C.A. §

19  1404(a).  The power of the Court is limited to those districts where the case "might have been

20  brought."  *See American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo.

21  1980) (citing 1 Moore's Federal Practice P 0.145 (6.-1), l.c. 1636 (2d ed. 1979)). ("A district or

22  division is one where the action "might have been brought" if, when the action began, (a) the

23  proposed transferee district court would have had subject matter jurisdiction over the action, (b)

24  venue would have been proper there, and (c) the defendant would have been amenable to

25  process issuing out of the transferee district court").

26      Here, this action "might have been brought" in the Northern District of California, as it

27  makes antitrust claims that affect purchasers of title insurance throughout California and thus

28

there may be of duplicative discovery and/or inconsistent pretrial rulings."

3

1   has subject matter jurisdiction that allows it to be brought in any Federal Court in California.

2   When this action began, venue would have been proper in the Northern District of California

3   under Section 12 of the Clayton Anti-Trust Act because the defendant corporations were found

4   and transacted business in the Northern District of California.  Finally, when this action began

5   the defendants would have been amenable to process issuing out of the United States District

6   Court of the Northern District of California.  Therefore this case "might have been brought" in

7   the Northern District of California.

8        1404(a) allows for the transfer of a case to another forum"[f]or the convenience of

9   parties and witnesses." In fact, "[t]he most important factor in passing on a motion for transfer

10  under § 1404(a) is the convenience of witnesses." *American Standard,* 487 F. Supp. at 262.

11  Transferring this case to the Northern District of California will surely benefit the convenience

12  of the witnesses by allowing witnesses to appear in only one forum. This will avoid harassment

13  of witnesses from inquiries in multiple proceedings. It is also convenient to the parties, as all

14  parties support the transfer of this case to the Northern District of California. *See* Haeussler

15  Decl.

16       1404(a) also considers the "interest of justice," a factor that is often interpreted to mean

17  efficient use of judicial resources and avoidance of unnecessary waste and expense.  *See*

18  *Smithkline Corp. v. Sterling Drug, Inc.* 406 F. Supp. 52, 55 (D. Del. 1975) ("One of the prime

19  components   of   the   'interest   of   justice'   is   the   maintenance   of   sound   judicial

20  administration…Central to efficient and effective judicial administration is a policy, implied in

21  section 1404(a), of proper conservation and utilization of judicial resources").  Here, the

22  transfer and consolidation of this action to the Northern District with the other California

23  Actions as *In Re California Title Insurance Antitrust Litigation* will expedite pretrial

24  proceedings, reduce case duplication, and minimize the expenditure of time and money by all

25  persons concerned.   Consolidating this action not only simplifies pretrial and discovery

26  motions, class action issues, and clerical and administrative management duties, but it also

27  reduces the confusion and delay that may result from prosecuting related class-action cases

28  separately. The case involves similar issues related to any motions to dismiss, class

MEMO. OF P. & A. I.S.O. PLS.' UNOPPOSED MOTION TO TRANSFER VENUE
Case No.: 08-cv-00499-L-WMC

1  certification, and summary judgment that may be made *In re California Title Insurance*

2  *Antitrust Litigation*. The same discovery and damage analyses will be relevant to both this case

3  and those cases consolidated before Judge White in *In Re California Title Insurance Antitrust*

4  *Litigations*. The "interest of justice" is furthered by transferring this case to the Northern

5  District of California.

6  **IV.    CONCLUSION**

7         For all the above reasons and in order to promote efficiency and judicial economy,

8  Plaintiffs respectfully request that the Court grant the unopposed motion to transfer this action

9  to the Northern District of California to be consolidated with *In Re California Title Insurance*

10  *Antitrust Litigation* before the Hon. Jeffrey White.

11  DATED: August 11, 2008                          Respectfully submitted,

12                                                  BARRACK, RODOS & BACINE
                                                    STEPHEN R. BASSER
13                                                  JOHN L. HAEUSSLER

14
                                                    _____/s/ John L. Haeussler_____
15                                                  JOHN L. HAEUSSLER

16                                                  One America Plaza
                                                    600 West Broadway, Suite 900
17                                                  San Diego, CA  92101
                                                    Telephone:  (619) 230-0800
18                                                  Facsimile:  (619) 230-1874

19
                                                    BARRACK, RODOS & BACINE
20                                                  GERALD J. RODOS
                                                    JEFFREY GITTLEMAN
21                                                  3300 Two Commerce Square
                                                    2001 Market Street
22                                                  Philadelphia, PA  19103
                                                    Telephone:  (215) 963-0600
23                                                  Facsimile:  (215) 963-0838

24                                                  Attorneys  for  Plaintiffs  Louis  and  Silvia
                                                    Martinez
25

26

27

28

# CERTIFICATE OF SERVICE

*Martinez v. Fidelity, et al.*
Case No.: 08-cv-00499-L-WMC

I, the undersigned, state that I am employed in the City and County of San Diego, State of California; that I am over the age of eighteen (18) years and not a party to the within action; that I am employed at Barrack, Rodos & Bacine, One America Plaza, 600 West Broadway, Suite 900, San Diego, California 92101; and that on August 11, 2008, I served true copies of the attached:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER VENUE

to the parties listed on the attached Service List by the following means of service:

☒ **BY E-FILE:** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

☒ **BY E-MAIL:** I e-mailed a true copy addressed as indicated in the attached Service List, on the above-mentioned date.

☐ **BY MAIL:** I placed true copies in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business and there is a regular communication by mail between the place of mailing and the place so addressed.

☒ **BY UPS:** I placed a true copy in a sealed envelope and addressed to the parties listed on the attached Service List, on the above-mentioned date. It was deposited with UPS on that same day in the ordinary course of business and there is a regular communication via UPS between the place of mailing and the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 11th day of August, 2008.

_____
CINDY ORIHUELA

## SERVICE LIST
## California Title Insurance

**Attorneys for Defendants THE FIRST
AMERICAN CORPORATION, FIRST
AMERICAN TITLE INSURANCE COMPANY,
and UNITED GENERAL TITLE INSURANCE
COMPANY**

James I. Serota, Esq. (serotaj@gtlaw.com)
Kenneth Lapatine, Esq. (lapatinek@gtlaw.com)
Stephen L. Saxl, Esq. (saxls@gtlaw.com)
Anastasia Angelova, Esq. (angelovaa@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

**Attorney for Defendants FIDELITY NATIONAL
FINANCIAL, INC., FIDELITY NATIONAL
TITLE INSURANCE COMPANY, TICOR TITLE
INSURANCE COMPANY, TICOR TITLE
INSURANCE COMPANY OF FLORIDA,
CHICAGO TITLE INSURANCE COMPANY
AND SECURITY UNION TITLE INSURANCE
COMPANY**

Bryan Sullivan, Esq. (bsullivan@chrisglase.com)
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL
& SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 556-7819
Facsimile: (310) 556-2920

**Attorney for Defendants LANDAMERICA FINANCIAL GROUP, INC., COMMONWEALTH LAND TITLE INSURANCE CORP., LAWYERS TITLE INSURANCE CORPORATION AND TRANSNATION TITLE INSURANCE COMPANY**

Phillip E. Stano, Esq. (phillip.stano@sutherland.com)
SUTHERLAND
1275 Pennsylvania Ave., NW
Washington, DC 20004-2415
Telephone: (202) 383-0261
Facsimile:  (202) 637-3563

**Attorney for Defendants STEWART TITLE GUARANTY COMPANY AND STEWART TITLE INSURANCE COMPANY**

Samuel R. Miller, Esq. (srmiller@sidley.com)
SIDLEY AUSTIN LLP
555 California St.
San Francisco, CA 94104
Telephone: (415) 772-7447
Facsimile:  (415) 772-7400